# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| REGINALD D. WILSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:17CV1456 HEA |
| UNKNOWN CAULDWELL, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Reginald D. Wilson for leave to proceed *in forma pauperis*. The motion will be held in abeyance, and plaintiff will be given the opportunity to submit an amended complaint.

Plaintiff, a prisoner and a frequent filer of lawsuits, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of this Court's files reveals that plaintiff has accumulated more than three strikes.

*See Wilson v. City of St. Louis*, No. 4:07-CV-854-SNLJ (E.D. Mo. Jun. 25, 2007); *Wilson v. Wilson*, No. 4:09-CV-160-MLM (E.D. Mo. Feb. 18, 2009); *Wilson v. Hallazzgo*, No. 4:09-CV-1346-TCM (E.D. Mo. Sept. 4, 2009); *Wilson v. State of Mo.*, No. 4:11-CV-1014-AGF (E.D. Mo. Jul. 19, 2011). Therefore, the Court may not permit him to proceed *in forma pauperis* unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the complaint, plaintiff states he is under imminent danger of serious physical injury because Cauldwell, a corrections officer, assaulted him on March 8, 2017, and later approached him and said "My name is Cauldwell, I'm the one that did that to your eye and face." (Docket No. 1 at 5). Plaintiff alleges that a doctor and nurse overheard Cauldwell, but ignored him when he asked them about it. Plaintiff alleges Cauldwell's wrongdoing was captured on camera. Plaintiff also states that four cell mates have threatened him, he has been diagnosed with prostate cancer and needs "immediate transport to a better facility to facilitate urgently needed surgery and safety from further assaults," and that he also suffers from headaches, nasal hemorrhaging, dizziness, pain in various parts of his body, and boils. *Id.* Plaintiff states that he seeks "redress from ongoing conditions during this confinement housed with murderers, pedophiles, child molesters, and rapists as cell mates who threaten" him. *Id.* at 7. For his prayer for relief, plaintiff asks the Court to retrieve the video camera recording, prosecute each defendant to the fullest extent of the law, and compensate him for pain, suffering, and delay in prostate cancer surgery. He also seeks $2,000,000.00 in monetary damages for injuries and any future problems the assault and delay have caused.

Earlier this year, plaintiff filed a similar civil action in this Court against different defendants. *Wilson v. Corizon Medical, et al.*, No. 4:17-cv-1450-PLC (E.D. Mo. Jun. 22, 2017). There, plaintiff alleged facts regarding the March 8 assault, but he also stated he was being

denied necessary surgical treatment for prostate cancer. He was granted *in forma pauperis* status under the imminent danger exception of § 1915(g), based upon his allegations that he was being denied cancer treatment. Upon initial review, the Court noted the complaint failed to state a claim upon which relief could be granted, and permitted plaintiff leave to amend. Plaintiff filed an amended complaint in which he expressly stated he was in imminent danger of serious physical injury, but he described and sought relief only for past harm. The Court noted that it had become clear that the true focus of plaintiff's complaint was past harm, and that plaintiff had never actually been in imminent danger of serious physical injury. The Court revoked plaintiff's *in forma pauperis* status and directed him to pay the filing fee. When plaintiff failed to timely do so, the case was dismissed without prejudice to being refiled as a fully-paid complaint.

In the instant complaint, plaintiff repeatedly uses the words "imminent danger," and he mentions prostate cancer. However, he fails to set forth specific facts regarding his disease or his need for cancer treatment, or any other facts tending to show he is truly in imminent danger of serious physical injury. Instead, he focuses on Cauldwell's past actions and seeks to hold him accountable, and to collect monetary damages and gain transfer to another facility. This, along with plaintiff's history of abusing the court system, causes the Court to doubt the credibility of plaintiff's allegations of imminent danger. Even so, the Court will not deny plaintiff's motion to proceed *in forma pauperis* and dismiss the case at this time. Instead, the Court will give plaintiff the opportunity to file an amended complaint to more clearly set forth his claims. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint

3

on a court-provided form within twenty-one (21) days of the date of this Memorandum and Order, the Court will dismiss this case without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days from the date of this Memorandum and Order, plaintiff shall submit an amended complaint on a court-provided form.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form.

Dated this 12th day of July, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

# A PRISONER'S INFORMATION AND INSTRUCTIONS FOR FILING A SECTION 1983 CIVIL RIGHTS COMPLAINT IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI

## I. INFORMATION

JURISDICTION

The United States District Courts have jurisdiction to adjudicate lawsuits brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983.

EXHAUSTION OF REMEDIES

Before bringing a lawsuit challenging prison conditions, you must exhaust available administrative remedies. For example, if your institution has a grievance procedure, then you must pursue your claims through all the steps of that procedure. If you do not exhaust available administrative remedies, your case will be dismissed. 42 U.S.C. § 1997e.

STATING A § 1983 CLAIM

A § 1983 claim must contain an alleged violation of a federally protected right by a state actor. If your complaint does not make such an allegation, as to each named defendant, the district court may dismiss your complaint.

VENUE

The word "venue" refers to the geographic area over which a court has authority. The federal district courts each have their own venue and they have very strict rules on where you may file your § 1983 complaint. If you do not comply with these rules, your action may be transferred to another court or dismissed. You should file your § 1983 complaint in the judicial district (i) where any defendant resides, if all the defendants reside in the same state; (ii) where a substantial part of the acts or omissions giving rise to the claim occurred; or (iii) where any defendant may be found, if there is no district where the action may otherwise be brought.

The State of Missouri is divided into the Eastern and Western Districts. The U.S. District Court for the Eastern District of Missouri is located at 111 S. Tenth Street, St. Louis, Missouri, 63102, and is comprised of the following counties: Adair, Audrain, Bolinger, Butler, Cape Girardeau, Carter, Chariton, Clark, Crawford, Dent, Dunklin, Franklin, Gasconade, Iron, Jefferson, Knox, Lincoln, Linn, Macon, Madison, Maries, Marion, Mississippi, Monroe, Montgomery, New Madrid, Pemiscot, Perry, Phelps, Pike, Ralls, Randolph, Reynolds, Ripley, Saint Charles, Saint Francois, Saint Genevieve, Saint Louis, Schuyler, Scotland, Scott, Shannon, Shelby, Stoddard, Warren, Washington, and Wayne, and the City of Saint Louis. The U.S. District Court for the Western District of Missouri is located at 400 East 9th Street, Kansas City, Missouri, 64106. The counties comprising the Western District of Missouri are set forth in 28 U.S.C. § 105(b).

## RULES OF COURT

If you file a § 1983 complaint in the Eastern District of Missouri, you must follow the Federal Rules of Civil Procedure, as well as the Court's Local Rules. Even if you proceed pro se (representing yourself without an attorney), you must follow these rules. You should find both the federal rules and the local rules in the prison library. If your library does not have a copy of this Court's Local Rules, you should request that the prison library contact the Clerk's Office and the rules will be provided to the library.

## CHANGE OF ADDRESS

To ensure prompt delivery of court documents, you must file a change of address with the court every time your address changes. Failure to do so will prevent the Court from notifying you of developments in your case. If any mail is returned to the Court without a forwarding address and you do not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice.

## LEGAL ADVICE

Court personnel, including district court judges, magistrate judges, the Clerk of Court, and all staff, are prohibited by law from giving you legal advice. You should seek legal advice from your attorney or a legal clinic.

## NOTARIZATION

Documents certified as true under penalty of perjury do not need to be notarized. See 28 U.S.C. § 1746.

## II. INSTRUCTIONS

## COMPLETING THE ENCLOSED COMPLAINT FORM

To file a § 1983 complaint, complete the enclosed complaint form and mail the original with one copy to the Clerk of Court. (If you pay the filing fee you must also submit one copy of the complaint for each defendant). All copies must conform to the original. In addition, the complaint must:

(1) be typed or legibly written;
(2) be signed by each plaintiff; and
(3) conform to the instructions in the "Filing Fee" section below.

You should answer all questions concisely and to the best of your ability. If you need extra space to answer a question, insert an additional page in the appropriate place. Use 8-1/2 x 11 inch sized paper, if possible. Do not use the back of the page unless you cannot obtain blank paper. Do not name as a plaintiff in your complaint any other person, unless he or she is raising claims which arise from the same incident or involve the same issue as the claim raised in your complaint.

JURY DEMANDS

Depending on your claim and the type of relief you are seeking, you may be entitled to a trial by jury. However, you may lose your right to a jury trial if you do not request it early in the proceeding. If you want a jury trial, you should write "Jury Trial Demanded" on the first page of your complaint, to the right of the caption, below the words "Case No."

FILING FEE

Your complaint must be accompanied by a fee of $400, which includes a filing fee of $350 and an administrative fee of $50. (On May 1, 2013, The Judicial Conference of the United States prescribed the $50 administrative fee pursuant to 28 U.S.C. 1914(b)). A check or money order should be made payable to "Clerk, United States District Court." If you pay the $400 filing fee, you will be responsible for service upon each defendant. To properly serve the defendant(s) you must submit to the Court Clerk for each named defendant a copy of the complaint, and a completed summons. The Court Clerk will return to you each defendant's copy of the complaint for you to serve and a copy for your own records. In the alternative, you may request that the defendant(s) waive service. Instructions and forms for requesting the waiver of service are available from Clerk's Office (Note: If a defendant fails to waive service, you will still be responsible for serving upon them a copy of the complaint and a summons).

PROCEEDING IN FORMA PAUPERIS

If you are currently unable to pay the filing fee, you may request permission to proceed in forma pauperis ("IFP"). Although prisoners who proceed in forma pauperis must pay the entire filing fee, they may do so in installments. **(Note: for prisoners given leave to proceed in forma pauperis, the filing fee is $350. The administrative fee mentioned above does not apply).** If you have insufficient funds in your prison account, the court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of

(1) the average monthly deposits in your account; or

(2) the average monthly balance in your account for the prior six month period.

After payment of the partial filing fee, you must make monthly payments of 20 percent of your preceding month's income until the $350 is paid. The agency having custody of you will forward payments from your account to the court each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915.

To request leave to proceed IFP, you must complete the enclosed Motion to Proceed <u>In Forma Pauperis</u> and Affidavit in Support and follow the instructions below.

1. Your motion and affidavit in support must be legibly handwritten or typewritten. Answer questions to the best of your knowledge and belief. Be concise.

2. Each plaintiff must submit and sign a separate motion and affidavit in support and request to proceed IFP.

3. If you require additional space to answer a question, attach a separate page to the affidavit.

4. The motion and affidavit in support must be accompanied *by a certificate of the warden or other appropriate officer of your institution showing the amount of money or securities on deposit at the institution during the last six (6) months.*

If you proceed IFP the Court is responsible for service of your complaint upon each defendant, however, you are responsible for providing the Court the correct address of each defendant.

## THREE-DISMISSAL RULE

You cannot bring a new civil action IFP if you have, on three or more occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was (1) frivolous, or (2) malicious, or (3) failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). The only exception to this is if you are in "imminent danger of serious physical harm." However, if you are not proceeding IFP, you may file a new civil action or appeal even if you have three or more of these dismissals.

## APPOINTMENT OF COUNSEL

A § 1983 litigant does not have an absolute right to a court-appointed attorney. The court may, in its discretion, appoint an attorney to represent you. Form motions for appointment of counsel are available from the Clerk's Office upon request.

4

## SUBSEQUENT FILINGS

### Certificate of Service
To file a motion, pleading or other paper, you must submit the original document to the Court Clerk. The original document must include a certificate of service which should be in the following form:

---

**Certificate of Service**

I hereby certify that a copy of the foregoing was mailed to _____ at _____
    [Opposing Party or Counsel]         [Address]
on _____, 20__.                    _____
    [Date]                               [Your Signature]

---

Any pleading or document received by the court that fails to include a certificate of service may be returned. In addition to filing the original document with the court, you must mail a copy of each document to all other parties, or if they have counsel, to their attorney(s).

### Motions Filed By Other Parties
If you do not timely respond to a motion filed by another party, you may waive your right to challenge the subject matter of the motion. Applicable time periods are set forth in the Federal Rules of Civil Procedure and the Court's Local Rules.

### Letters to the Court
It is improper to send letters directly to district or magistrate judges regarding cases pending before them. All correspondence should be forwarded to the Clerk of Court. Copies of correspondence should also be sent to all other parties, or if they have counsel, to their attorney(s).

## MAILING

All correspondence, fees, legal documents, etc. should be mailed to the following address:

> Clerk of Court
> United States District Court
> Eastern District of Missouri
> 111 S. Tenth Street, Suite 3.300
> St. Louis, MO 63102

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
## _____ DIVISION

```
_____  )
                                )
_____  )
                                )
_____  )
(Enter above the full name of the )
Plaintiff in this action. Include prison )
registration number.)            )
                                )
            v.                   )
                                )
_____  )      Case No. _____
                                )      (To be assigned by Clerk)
_____  )
                                )
_____  )
                                )
_____  )      In what capacity are you suing the
                                )      defendants?
_____  )
                                )      ☐    Official
(Enter above the full name of ALL Defend- )   ☐    Individual
ant(s) in this action. Fed. R. Civ. P. 10(a) )   ☐    Both
requires that the caption of the complaint )
include the names of all the parties. Merely )
listing one party and "et al." is insufficient. )
Please attach additional sheets if necessary. )
```

## PRISONER CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

I.   PLACE OF PRESENT CONFINEMENT: _____

_____

II.  PREVIOUS CIVIL ACTIONS:

  A.   Have you brought any other civil actions in state or federal court dealing with the same facts involved in this action or otherwise relating to your confinement?

         YES   [ ]            NO   [ ]

B. If your answer to "A" is YES, describe the action(s) in the space below. If there is more than one action, you must describe the additional action(s) on a separate piece of paper, using the same format as below.

1. Parties to previous civil action:

   Plaintiff: _____

   _____

   Defendant(s): _____

   _____

2. Court where filed: _____

3. Docket or case number: _____

4. Name of Judge: _____

5. Basic claim made: _____

   _____

   _____

6. Present disposition (Is the case still pending? Is it closed? If closed, was it appealed?):

   _____

III. GRIEVANCE PROCEDURES:

A. Is there a prisoner grievance procedure at the institution in which you are incarcerated?

   YES [ ]   NO [ ]

B. Have you presented this grievance system the facts which are at issue in this complaint?

   YES [ ]   NO [ ]

C. If your answer to "B" is YES, what steps did you take: _____

_____

_____

D. If your answer to "B" is NO, explain why you have not used the grievance system:

_____

_____

IV. PARTIES TO THIS ACTION:

    A. Plaintiff

        1. Name of Plaintiff: _____

        2. Plaintiff's address: _____

        3. Registration number: _____

    B. Defendant(s)

        1. Name of Defendant: _____

        2. Defendant's address: _____

        3. Defendant's employer and job title: _____

_____

        4. Additional Defendant(s) and address(es): _____

_____

_____

V. COUNSEL

    A. Do you have an attorney to represent you in this action?

        YES [ ]         NO [ ]

    B. If your answer to "A" is NO, have you made an effort to contact an attorney to represent you in this matter?

        YES [ ]         NO [ ]

    C. If your answer to "B" is YES, state the name(s) and address(es) of the attorneys you contacted and the results of those efforts:

        _____

        _____

        _____

    D. If your answer to "B" is NO, explain why you have not made such efforts:

        _____

        _____

    E. Have you previously been represented by counsel in a civil action in this Court?

        YES [ ]         NO [ ]

    F. If your answer to "E" is YES, state the attorney's name and address:

        _____

        _____

VI. Statement of claim (State as briefly as possible the facts of your case. Describe how each defendant is involved. You must state exactly what each defendant personally did, or failed to do, which resulted in harm to you. Include also the names of other persons involved, dates, and places. Be as specific as possible. State your claims in numbered paragraphs. You may use additional paper if necessary):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

VII. RELIEF

   State briefly and exactly what you want the Court to do for you. Do not make legal arguments. (Note: If you are a **state** prisoner and you seek from this Court relief that affects the length or duration of your imprisonment, your case **must** be filed on a § 2254 form.)

   _____
   _____
   _____
   _____
   _____

VIII. MONEY DAMAGES:

   A) Do you claim either actual or punitive monetary damages for the acts alleged in this complaint?

       YES ☐    NO ☐

   B) If your answer to "A" is YES, state below the amount claimed and the reason or reasons you believe you are entitled to recover such money damages:

   _____
   _____
   _____

IX. Do you claim that the wrongs alleged in the complaint are continuing to occur at the present time?

       YES [ ]    NO [ ]

_____    _____
Signature of attorney or pro se Plaintiff    Date